**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| AARON LAUBACH,                              ) | |
| Plaintiff,    ) | |
| v.                                                              ) | Case No. CIV-05-1294-F |
|                                                                     ) | |
| JOSEPH SCIBANA, WARDEN, *et al.*,   ) | |
|                                                                     ) | |
| Defendants.  ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, Mr. Aaron Laubach, a federal prisoner appearing *pro se* and *in forma pauperis*, filed this civil rights action on November 7, 2005, seeking damages and injunctive relief against twenty-nine defendants who are either current or former employees of the Federal Correctional Institution in El Reno, Oklahoma. Plaintiff has filed a Motion for Default Judgment [Doc. #51], a Request for Entry of Default [Doc. #52] and a Motion and Memorandum of Law to Enter Default and Vacate Defendants' Motions and Orders of the Court Pertaining Thereto [Doc. #74], seeking default judgment against fourteen of the named defendants: Joseph Scibana, Mike England, Laura Petrash, Barbara Malcher, S. Zeavin, Al Kessler, Margaret Grismner, Denise Aynes, Debra DesCombs, Shain Terrall, D. Moore, S. Willis, S. Mora and J. Ashley. For ease of reference, this group of defendants will be referred to as the "Scibana Defendants." The Scibana Defendants have filed a Response to Plaintiff's Motion for Default Judgment and Request for Entry of Default [Doc. #53]. This matter has been referred for initial proceedings pursuant to 28 U.S.C. § 636. For the reasons

stated below, Plaintiff's motions and requests for entry of default judgment against the Scibana Defendants should be denied.

**Relevant Procedural Facts**

Plaintiff filed this action on November 7, 2005, and by order of the Court was permitted to proceed *in forma pauperis*. On December 23, 2005, Plaintiff filed a Praecipe for twenty-nine summonses [Doc. #13]. The United States Marshal Service returned executed summons forms showing service of process on January 20, 2006, on each of the Scibana Defendants individually by certified mail at their place of employment, FCI El Reno [Doc. ##15, 18, 19, 24, 26, 32-36, 39-42].[1] The record also contains a return of executed summons showing service on the United States Attorney General in Washington, D.C., on January 20, 2006 [Doc. #14]. Finally, pertinent to Plaintiff's motion, the record contains a return of executed summons on the United States Attorney for the Western District of Oklahoma showing service on January 30, 2006 [Doc. #45]. Pursuant to the Court's Order permitting service of process [Doc. #11], the Scibana Defendants had sixty days from service of process to respond to the Complaint.

On March 30, 2006, fifty-nine days after service was made on the United States Attorney for the Western District of Oklahoma, the Scibana Defendants, all of whom are current employees of the United States, filed a Motion for Extension of Time to File

---

[1]Returns for the other named defendants who apparently no longer work at FCI El Reno were returned unexecuted, and Plaintiff's efforts to obtain service on those individuals are continuing. The Court has granted Plaintiff an enlargement of time within which to effect service of process. *See* Doc. #81.

Responses and for Order Allowing Simultaneous Response [Doc. #49], seeking among other relief additional time to respond to Plaintiff's Complaint. The Court granted in part and denied in part the Scibana Defendants' Motion and extended the Scibana Defendants' deadline for filing their responses to the Complaint, as well as the deadline for submission of the court-ordered Special Report, to May 15, 2006.

On March 30, 2006, the same day the Scibana Defendants filed their Motion for Extension of Time, Plaintiff's pending Motion for Default Judgment [Doc. #51] and Request for Entry of Default Judgment [Doc. #52] were filed in this Court.

Despite the Court's Order granting the Scibana Defendants an enlargement of time to respond to the Complaint, Plaintiff filed another Motion [Doc. #74] again seeking a default judgment against the Scibana Defendants and also asking the Court to vacate its orders entered in April 2006, governing initial proceedings in this matter. Plaintiff states that he has not received copies of the motions and other filings made by the Scibana Defendants.

**Analysis**

Service of process on the Scibana Defendants is governed by Rule 4(i)(2)(B) of the Federal Rules of Civil Procedure because each of them is an officer or employee of the United States:

> Service on an officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States -- whether or not the officer or employee is sued also in an official capacity -- is effected by serving the United States in the manner prescribed by Rule 4(i)(1) [requiring service on the United States Attorney General and on the United States Attorney for the

> district in which the action is brought] and by serving the officer or employee in the manner prescribed by Rule 4(e), (f) or (g).

Fed.R.Civ.P. 4(i)(2)(B).  The final step in completing service on the Scibana Defendants occurred on January 30, 2006, when the U.S. Attorney for the Western District of Oklahoma was served.  Rule 12(a)(3) clarifies the response date:

> An officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States shall serve an answer to the complaint . . . within 60 days after service on the officer or employee, or service of the United States attorney, *whichever is later*.

Fed.R.Civ.P. 12(a)(3)(B) (emphasis added); *see also* Fed.R.Civ.P. 12(a)(3)(A) (if employee of United States is sued in official capacity, response date is within 60 days after United States attorney is served); Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 3d* § 1107, p. 37 (3d ed. 2002) ("These revisions to Rule 12 were put in place to complement the contemporaneous revisions to Rule 4(i)(2) and to give the United States adequate time to determine whether it should represent the defendant officer or employee who has been sued in an individual capacity."). By operation of Rule 12(a)(3), the Scibana Defendants' responses to the Complaint, therefore, were due on March 31, 2006, sixty days after the U.S. Attorney was served.

On March 30, 2006, one day prior to the expiration of their time to respond, the Scibana Defendants sought an enlargement of time to respond.  The Court considered the circumstances presented and for cause shown granted in part the relief requested, including the requested enlargement of time for filing the response.  *See* Order [Doc. #56] and

Fed.R.Civ.P. 6(b)(1) ("When . . . by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed . . . ."). The Court also proceeded to address other procedural motions filed by both Plaintiff and the Scibana Defendants. *See* Orders [Doc. ##57, 58, 60, 61]. In compliance with the Court's Order enlarging the time within which to respond, the Scibana Defendants filed their response to the Complaint on May 12, 2006. *See* Defendants' Motion to Dismiss [Doc. #91]. The Special Report was also filed on May 12, 2006, by the Bureau of Prisons in accordance with the deadline established by the Court's Order. *See* Special Report [Doc. #89].

In sum, the Scibana Defendants have not failed to plead or otherwise defend the action against them but instead, pursuant to the rules, timely sought and received an enlargement of time in which to do so. No basis exists for entry of a default judgment against them. *See* Fed.R.Civ.P. 55.

### **RECOMMENDATION**

It is recommended that Plaintiff's Motion for Default Judgment [Doc. #51], Request for Entry of Default [Doc. #52] and Motion and Memorandum of Law to Enter Default and Vacate Defendants' Motions and Orders of the Court Pertaining Thereto [Doc. #74] be denied.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by June  5th , 2006. *See* LCvR72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation does not terminate the referral by the District Judge in this matter.

ENTERED this  16th  day of May, 2006.

*/s/ Valerie K. Couch*

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE