# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

AARON LAUBACH,          )
                               )
       Plaintiff,         )
                               )
vs.                           )   Case No. CIV-05-1294-F
                               )
JOSEPH SCIBANA, WARDEN, et al.,  )
                               )
       Defendants.      )

## ORDER

Plaintiff, a federal prison appearing *pro se* and *in forma pauperis* whose pleadings are liberally construed, brings this action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), seeking declaratory and injunctive relief as well as damages, for alleged violations of his constitutional rights.  Magistrate Judge Valerie Couch's Report and Recommendation of August 30, 2006, is before the court.  (Doc. no. 161.)  In it, Magistrate Judge Couch recommends that  the motions to dismiss of the Scibana defendants, defendant Molskness, and defendant Engle (doc. nos. 91, 118, 148) be granted pursuant to Rule 12(b)(6), Fed. R. Civ. P., on the ground that plaintiff has failed to state a claim upon which relief may be granted by failing to satisfy the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a); that plaintiff's motion for injunctive relief (doc. no. 4) be dismissed on the same ground; that plaintiff's motions for entry of default judgment (doc. nos. 131, 156, 157) be denied as moot; that all claims against both unserved and unresponsive defendants be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1997e(c)(1); and that plaintiff's motion for an extension of time (doc. no. 158) be denied as moot.  Plaintiff has filed a timely objection, and the court has reviewed all objected to matters *de novo*.

Having concluded that review, and after careful consideration of plaintiff's objections, the record, and the relevant authorities, the court finds that no purpose would be served by any further analysis here. The court finds and concludes that the Report and Recommendation of Magistrate Judge Couch should be, and hereby is, **ACCEPTED**, **ADOPTED**, and **AFFIRMED** in its entirety.[1]

Specifically, the motions to dismiss of the Scibana defendants, defendant Molskness, and defendant Engle (doc. nos. 91, 118, 148) are **GRANTED** pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to satisfy exhaustion requirements. Plaintiff's motion for injunctive relief (doc. no. 4) is **DENIED**, and his claim for injunctive relief is **DISMISSED**. Plaintiff's motions for entry of default judgment (doc. nos. 131, 156, 157) are **DENIED** as moot. All claims against both unserved and unresponsive defendants are **DISMISSED**. Plaintiff's motion for an extension of time (doc. no. 158) is **DENIED** as moot. This action is hereby **DISMISSED** without prejudice.

Dated this 27th day of October, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-1294p005(pub).wpd

---

[1] The court's adoption of the Report and Recommendation is qualified in two respects, neither of which affect the result here. First, the court notes that both the Report and Recommendation, and plaintiff's objections to the Report, refer to certain exhibits as exhibits to the Complaint. The reference exhibits, however, have not been filed with the Complaint but are, instead, exhibits attached to plaintiff's "Response to Special Report" at doc. no. 147. Second, after the Magistrate Judge's Report was filed, the Tenth Circuit decided Kikumura v. Osagie, 461 F.3d 1269 (10th Cir. 2006), a case which narrows the rule noted in the Report, that the presence of unexhausted claims requires dismissal of all claims. The exception to this rule which is noted in Kikumura does not apply here.