# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AARON LAUBACH, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-05-1294-F |
| | ) |
| JOSEPH SCIBANA, WARDEN, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff's "Motion for Preliminary Injunction Pending Appeal," filed December 4, 2006, is before the court. (Doc. no. 172.) The time within which to respond to the motion has expired, but no response has been filed. Accordingly, the motion is ready for determination.

Plaintiff moves the court for a preliminary injunction pending appeal. In doing so, plaintiff asks the court to order defendants to cease a variety of types of conduct such as denial of orthopedic devices to the plaintiff and retaliation against the plaintiff for plaintiff's attempts to seek administrative remedies.

Plaintiff brings his motion under Rule 8 of the Federal Rules of Appellate Procedure, and under Rule 65(a) of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Appellate Procedure is concerned, however, only with the procedure to be followed when a stay or injunctive order is sought in a civil case at the court of appeals level. 16A Fed. Prac. & Proc. Juris. 3d § 3954 at n.4. When an appeal is pending, Rule 62 of the Federal Rules of Civil Procedure governs the procedure for seeking a stay or injunctive order in the first instance in the district court. *Id*. at n.5. As with preliminary injunctions, the nature of the showing required to justify a stay or injunction pending appeal may vary with the circumstances presented. *Id*. at n.9. While different rules of procedure govern the power of district

courts and courts of appeals to stay an order pending appeal, under both rules, the factors which regulate the issuance of a stay are generally the same. *Id*. at n.9 quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987). Those factors are: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Id*.

Plaintiff appears *pro se*, and his pleadings are liberally construed. In that light, the court has carefully reviewed plaintiff's motion, his brief, his affidavit, and the underlying pleadings and documents in this case. There has been no showing that plaintiff will likely succeed on the merits of his appeal. There has been no showing that plaintiff will be irreparably injured absent an injunction. There also has been no showing as to where the public interest lies in this matter.[1] The court finds and concludes that there has been no showing to justify the requested injunction. Plaintiff's "Motion for Preliminary Injunction Pending Appeal" is therefore **DENIED**.

Dated this 4th day of January, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-1294p007(pub).wpd

---

[1] Given defendants' failure to respond to the motion, the court makes no finding regarding any injury to the defendants which might result from the issuance of the requested injunction. The court states that even if defendants would not be injured at all by the requested injunction, that fact would not change the result here.